

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 27 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JERRY CRAIG RANDOLPH, §
§
Petitioner, §
§
v. § No. 4:12-CV-200-A
§
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jerry Craig Randolph, a state prisoner currently incarcerated in Lovelady, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural History

The state appellate court set forth the relevant facts of this case as follows:

> Randolph was charged with a number of aggravated robberies in Dallas and Tarrant Counties. He was first

> arrested, incarcerated, and appointed an attorney in Dallas County. Afterwards, Tarrant County indicted him [in four separate cases that were later consolidated and joined]. Randolph was tried first in Dallas and received a forty-year sentence in each of his twenty-five cases there, to run concurrently. Tarrant County then transported him to Fort Worth by bench warrant to dispose of its cases, at which time he was appointed a lawyer. He was subsequently tried in Tarrant County, convicted [on July 25, 1990], and sentenced to sixty-one years confinement. The sentence was to be cumulated with his earlier sentences in Dallas.

*Randolph v. Texas*, No. 02-90-229-CR, slip op. (Tex. App.-Fort Worth Mar. 11, 1992) (not designated for publication).

On March 11, 1992, the appellate court affirmed the trial court's judgment, including the cumulation order therein. Petitioner did not file a timely petition for discretionary review[1]; thus his conviction and sentence became final under state law on April 10, 1992. (Pet. at 3) *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner also filed two state postconviction habeas applications challenging the trial court's cumulation order. The first, filed on May 1, 2002, was denied by the Texas Court of Criminal Appeals without written order on May 22, 2002. The second, filed on October 12, 2011, was dismissed as successive by

---

[1] Petitioner filed a motion to file an out-of-time petition for discretionary review, which was denied. (COA Docket Sheet, Event Date 5/28/1992).

2

the Texas Court of Criminal Appeals on December 7, 2011. (01State Habeas R. at cover, 2; 02State Habeas R. at cover, 2)

This petition was filed on April 3, 2012,[2] wherein petitioner challenges the trial court's cumulation order on four grounds.[3] (Pet. at 6-7) Respondent contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

---

[2]Under the prison mail box rule, a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). There is no indication when petitioner placed this petition in the prison mailing system. Thus, he is not given the benefit of the prison mailbox rule.

[3]To the extent petitioner attempts to raise a "breach of contract" and/or a parole issue resulting from the cumulation order in his responsive pleadings filed on April 23, 2012, and June 22, 2012 (docket entry nos. 9 and 16), for the first time, the claims are not considered. Even if the court were to consider such claims, they are unexhausted. 28 U.S.C. § 2254(b)(1)(A).

3

>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking judgments of conviction which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the state

4

Case 4:12-cv-00200-A Document 17 Filed 06/27/12 Page 5 of 6 PageID 166

court's judgment of conviction became final by the expiration of the time for seeking direct review. As noted above, the state court's judgment became final on April 10, 1992, prior to the effective date of the AEDPA. Thus, this federal petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202.

Petitioner's state habeas applications filed after April 24, 1997, did not operate to toll the limitations period under the statutory tolling provision in § 2244(d)(2), nor has petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances warranting equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

Petitioner's federal petition was due on or before April 24, 1997; thus his petition filed on April 3, 2012, is untimely.

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED June 27, 2012.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE